UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | |
| | : | Bankruptcy No. 17-11045-CMB |
| Burton O. Sines, Jr. | : | |
| dba Bud Sines Contracting | : | |
| Leora A. Sines | : | |
| aka Leora Ann Chimera | : | |
|                          Debtors | : | Chapter 13 |
| | : | |
| Burton O. Sines, Jr. | : | Related to Document No. 169 |
| dba Bud Sines Contracting | : | |
| Leora A. Sines | : | Hearing Date and Time: |
| aka Leora Ann Chimera | : | May 25, 2023 at 2:30 PM |
| | : | |
|                          Movant | : | |
| | : | |
|                         v. | : | |
| SN Servicing Corporation as servicer for U.S. Bank | : | |
| Trust National Association, as Trustee of the | : | |
| Bungalow Series IV Trust | : | |
| Ronda J. Winnecour- Trustee | : | |
| Respondents (if none, then "No Respondent") | : | |

## OBJECTION TO DEBTOR'S MOTION TO RECONSIDER GRANTING SN SERVICING CORPORATION AS SERVICER FOR US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST'S MOTION FOR RELIEF FROM AUTOMATIC STAY

    SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust responds to the Debtor's Motion to Reconsider as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. The averments contained in this paragraph constitute a conclusion of law to which no response is required and are therefore denied.

5. Denied. Creditor is without sufficient information upon which to firm a belief as to the truth of this averment, and it is therefore denied.

6. Denied. The averments contained in this paragraph constitute a conclusion of law to which no response is required and are therefore denied.

7. Denied. The averments contained in this paragraph constitute a conclusion of law to which no response is required and are therefore denied.

8. Denied. The averments contained in this paragraph constitute a conclusion of law to which no response is required and are therefore denied. By way of further response, it is denied that reinstating the stay would but be prejudicial to Creditor; the contrary is true:

    a. At time of filing of the instant Objection, Debtor is currently delinquent to the Chapter 13 Trustee by $5,352.00. A true and correct copy of the Trustee's Ledger is attached hereto as **Exhibit "A."** Debtor has proposed an Amended Plan to provide a "paper cure" of this arrearage – a strategy which Debtor has utilized on four (4) prior occasions throughout the course of the instant Bankruptcy – *See* Order Confirming Amended Plan entered September 13, 2019, at Doc. 102; *see also* Order Confirming Amended Plan entered September 8, 2020, at Doc. 111; *see also* Order Confirming Amended Plan entered February 14, 2022, at Doc. 136; *see also* Order Confirming Amended Plan entered October 14, 2022, at Doc. 155. The most recent confirmed Amended Plan provides for monthly Trustee payments of $1,320.00 – that means that within approximately eight (8) months of the confirmation of said Amended Plan, Debtor is already in arrears to the Chapter 13 Trustee in the amount of $5,352.00. Accordingly, Debtors have demonstrated a history of defaults on their obligations to the Chapter 13 Trustee and to Creditor.

    b. In addition to curing post-petition arrearages to the Chapter 13 Trustee, Debtor also obtained a loan modification during the pendency of the instant Bankruptcy. *See* Order approving loan modification entered on July 16, 2019, at Doc. 91. Debtor has defaulted on the terms of the loan modification.

    c. Moreover, upon information and belief, there is negligible equity in the Property. The Property is current valued at $105,000.00. *See* a true and correct copy of the Broker's Price Opinion dated March 31, 2023, attached hereto as **Exhibit "B."** As of the time of filing the instant Objection, the total amount due to pay Debtor's loan in full is approximately $102,302.85; and Debtor is due for the July 18, 2021 contractual payment.

For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully requests that Debtor's Motion for Reconsideration be denied.

Dated: May 9, 2023

By: /s/ Lauren M. Moyer
Lauren M. Moyer, Esquire
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com